```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,           :

      Plaintiff,                   :

    v.                                  :     Case No. 2:06-mj-0027

Issifu Amidu,                       :     JUDGE HOLSCHUH

      Defendant.                   :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a preliminary examination and detention hearing on February 9, 2006.  Following the hearing, the Court found that probable cause existed to believe that he had committed the offense with which he is charged and that he should be detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for the detention decision.

    The defendant was charged in a criminal complaint filed in this Court on January 27, 2006 with a violation of 18 U.S.C. §1029(a)(2), unauthorized use of an access device.  The facts supporting the complaint were related in court through the testimony of Bryan Halliwell, an agent of the United States Secret Service.

    Agent Halliwell testified that he was contacted by a company called Infocision which was investigating a complaint by one of its customers that the customer's credit card information had been misappropriated and used to purchase various goods and services without authorization.  Infocision determined that one of its employees, Stephanie Watkins, had taken the information from the customer over the phone but rather than placing the order which the customer requested, recorded the conversation as

a "hang up" call and then passed the information on to other individuals, including defendant Amidu.  Mr. Amidu then used the credit card information to pay for repairs on his car.  He and his housemate, who has also been charged with the same crime, then admitted that they obtained that credit card information and other credit card information from Ms. Watkins and her husband.  As of the date of the hearing in this case, the total amount of goods and services fraudulently obtained exceeded $4,000.00.  Agent Halliwell also learned during the course of the investigation that Mr. Amidu was present in this country on a student visa but that he had not been in school for two years and that he was considered as an out-of-status violator since April, 2005.  This information led the United States to argue that Mr. Amidu is an unacceptable flight risk.

 Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter</u> <u>alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

 Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  <u>Id</u>.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a

finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The testimony of Agent Halliwell concerning Mr. Amidu's immigration status was confirmed by the Pretrial Services Report. Mr. Amidu came to this country in August, 2003 from Ghana. He had been in Columbus for less than two years. Although he was in violation of a student status, primarily because he was working under his cousin's name and social security number and had not been to school for some time, he also had a petition pending for citizenship based upon his marriage to a United States citizen in October, 2005. It does not appear that he and his wife have ever resided together, and she indicated an intent at one point to withdraw her petition to have him admitted for citizenship,

although that had not occurred by the time of the detention hearing.

    Although counsel argued that Mr. Amidu would not be a flight risk because he had gone to great efforts to come to and remain in the United States, those efforts must be viewed in the context of someone who, at that time, had no criminal charges pending against him.  Mr. Amidu is now the subject of a criminal prosecution.  It seems unlikely that he would be able to return to his employment because his employment was also obtained unlawfully.  Further, even if his wife chooses not to withdraw her application for his residence, the facts indicate a significant concern about whether Mr. Amidu has engaged in a sham marriage.  Under all these circumstances, the Court concluded that the United States had proved by a preponderance of the evidence that Mr. Amidu is a risk of flight, either back to his native country or to some other part of the United States, and that no conditions could reasonably assure against that risk. For that reason, he was detained without bond pending further proceedings.

    The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge